Steven K. DeWolf, W. Robins Brice and Robert L. Klawetter, Houston, for appellees.

Before JUNELL, ROBERTSON and CANNON, JJ.

**Leroy B. O'BERRY and Benjawan O'Berry, Appellants,**

v.

**McDERMOTT, INC., McDermott International, Inc., McDermott Southeast Asia, PTE., LTD., P.T. McDermott Indonesia, Fluor Ocean Services, Inc., Fluor Ocean Services International, Inc., Union Oil Company of California, and Union Oil Company of Thailand, Appellees.**

**No. C14–85–401–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 15, 1986.

Rehearing Denied June 5, 1986.

## OPINION

ROBERTSON, Justice.

This is an appeal from a trial court order dismissing for lack of personal jurisdiction the petition against Union Oil Company of Thailand and granting summary judgment in favor of Union Oil Company of California whereby the petition against it was dismissed on the merits with prejudice. The sole issue is whether a fact issue exists on whether Union Oil Company of Thailand is the alter ego of Union Oil Company of California. We find there is no evidence of alter ego; therefore, no fact issue is raised and we affirm.

Appellant, Leroy O'Berry, was employed by Fluor Ocean Services, Inc., a subcontractor of McDermott International Inc. McDermott was the contractor for appellee, Union Oil Company of Thailand, for the construction of a platform in the Gulf of Thailand. O'Berry was injured. This suit against McDermott, Inc., et al was instituted in the district court of Harris County. Service of process on Union Oil Company of Thailand was attempted by serving Union Oil Company of California on the theory that Union Oil Company of Thailand was the alter ego of Union Oil Company of California. The trial court sustained the special appearance of Union Oil Company of Thailand and quashed service of process upon it and entered the further orders recited above. The action is still pending against the remaining defendants.

While appellants present four points on appeal, the central issue in each point is whether an alter ego relationship existed. And, in the context in which the case comes to us, the question is whether, as a matter of law, there is an absence of any fact issue. Relying upon *Gentry v. Credit Plan Corporation of Houston*, 528 S.W.2d 571 (Tex.1975), where the supreme court applied an assimilation and control test to determine that the subsidiary was operated by the parent not as a separate entity but as a name under which it conducted business, appellants list the following nine factors in support of their attempt to pierce Union Oil Company of Thailand's corporate veil:

1. the parent caused the incorporation of the subsidiary;
2. parent owns most of the stock of the subsidiary;
3. common or overlapping directors and officers;
4. financial records services provided to subsidiary by parent corporation or another subsidiary;
5. use of same corporate officers;
6. parent and subsidiary engaged in same business;
7. filing of consolidated tax returns;
8. subsidiary regarded as division of the parent; and

9. parent maintaining employee benefits for subsidiary.

Additionally, appellants cite the following factors which they say are present in this case that have been relied upon in other cases as evidence of an alter ego relationship:

1. capitalization and financing of the subsidiary by the parent;
2. decision making for the subsidiary by the parent;
3. whether parent and subsidiary are regarded as one business unit by the public or trade;
4. payment of expenses or losses of subsidiary by the parent; and
5. informal intercorporate loans or book transactions.

Appellants conceded in oral argument that there was no evidence that Union Oil Company of Thailand was undercapitalized or incapable of paying a judgment if found liable. Counsel for appellants argued, however, that if the facts of this case do not at least raise an issue of fact on the existence of an alter ego relationship, then such an issue can never be raised in a tort case absent evidence of undercapitalization or inability to pay a judgment if found liable.

Counsel for appellees dispute the accuracy of many of the factors detailed above and relied upon by appellants to show the existence of an alter ego relationship. However, in argument counsel conceded that even if appellants assertions are taken as true, such factors still do not rise to the level of *any* evidence of alter ego. We agree.

As we understand the direct holding of the supreme court in *Lucas v. Texas Industries, Inc.*, 696 S.W.2d 372 (Tex.1985), in a tort case where the issue of alter ego is to be determined the test is whether "the corporation responsible for the plaintiff's injury is capable of paying a judgment upon proof of liability." If the corporation sued is not reasonably capitalized in light of the nature and risk of its business, the need might arise to attempt to pierce the corporate veil and hold the parent corpora-

tion liable. The supreme court said in *Lucas:*

> the fact that TXI and Structural may have had some or all of the same directors or officers, that TXI and Structural may have filed consolidated income tax returns, that they shared the same corporate logo, or that the two companies conducted inter-corporate business *did not induce Lucas to fall victim to a basically unfair device by which Structural's corporate entity was used to achieve an inequitable result.* Lucas, 696 S.W.2d at 376 (emphasis ours).

The court held the evidence introduced by Lucas was no evidence of alter ego.

The enumerated factors set forth herein are in reality indistinguishable from those in *Lucas.* We fail to understand how any of the factors set forth by appellant induced O'Berry to fall victim to a basically unfair device by which Union Oil Company of Thailand's corporate entity was used to achieve an inequitable result. We hold there is no evidence of alter ego presented in this case. Where there is no evidence of alter ego, there is no fact issue raised as to the existence of an alter ego relationship. Summary judgment was properly granted. Appellants' points are overruled.

The judgment is affirmed.